ORDER GRANTING DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
 

 LAUGHLIN E. WATERS, Senior District Judge.
 

 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
 

 Defendant brought this motion for summary judgment on June 14, 1996, and the Court held a telephonic hearing on the motion on July 30,1996. Having considered the papers and arguments of counsel, the Court issues the following order:
 

 FACTS:
 

 Plaintiff began working for defendant TNT Reddaway Truck Line (“TNT”) on October 22, 1986. There is evidence that over the next few years, he received commendations and merit bonuses from TNT, and that he got oral reassurances from TNT’s agents that if he continued to do his job properly he would not be terminated arbitrarily.
 

 In 1993, the plaintiff received an copy of TNT’s employee handbook, which explicitly stated that the plaintiffs employment was at will. On December 15 of that year, the plaintiff signed an “Acknowledgement and Agreement” stating that he had received the employee handbook and that he would abide by the rules it contained. The agreement also specifically stated that the plaintiffs employment was at will and could be terminated at any time. The plaintiff states that he received this document just before he went out to work, and that he only had time to “briefly” look through it. He also states that he did not completely understand the meaning of the language in the document.
 

 On November 1,1994, TNT fired the plaintiff following an accident involving the plaintiff. The plaintiff brought this lawsuit, claiming that the defendant breached a contract
 
 *723
 
 not to terminate plaintiff except for good cause. Defendant now brings this motion for summary judgment, claiming that the December 1993 agreement was a fully integrated agreement, and therefore the plaintiff was an at will employee and could be fired with or without good cause.
 

 ANALYSIS:
 

 I. Summary judgment standard
 

 It is the burden of the party who moves for summary judgment to establish that there is “no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c);
 
 British Airways Bd. v. Boeing Co.,
 
 585 F.2d 946, 951 (9th Cir.1978),
 
 cert. denied,
 
 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
 

 If the nonmoving party has the burden of proof at trial, as in the present ease, then the moving party has no burden to negate the opponent’s claim.
 
 Celotex Carp, v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). In other words, the moving party does not have the burden to produce any evidence showing the absence of a genuine issue of material fact.
 
 Id.
 
 at 325, 106 S.Ct. at 2553-54. “Instead, ... the burden on the moving party may be discharged by ‘showing’ — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party’s case.”
 
 Id.
 

 Once the moving party satisfies this initial burden, “an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleadings ... [T]he adverse party’s response ...
 
 must set forth specific facts
 
 showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e) (emphasis added). A “genuine issue” of material fact exists only when the nonmoving party makes a sufficient showing to establish each essential element to that party’s case, and on which that party would bear the burden of proof at trial.
 
 Celotex,
 
 477 U.S. at 322-23, 106 S.Ct. at 2552--53. “The mere existence of a scintilla of evidence in support of the plaintiff s position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.”
 
 Anderson v. Liberty Lobby,
 
 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in its favor.
 
 Anderson,
 
 477 U.S. at 255, 106 S.Ct. at 2513;
 
 Griffeth v. Utah Power & Light Co.,
 
 226 F.2d 661, 669 (9th Cir.1955).
 

 II. The existence of an implied-in-fact contract
 

 California Labor Code § 2922 states that an employee’s term of employment will be presumed to be “at will” in the absence of an employment contract or other agreement. According to
 
 Foley v. Interactive Data Corp.,
 
 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988), however, this standard presumption can be overcome by evidence of an implied-in-fact agreement to the contrary. Such an agreement could arise from “the personnel policies or practices of the employer, the employee’s longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.”
 
 Id.
 
 at 680, 254 Cal.Rptr. 211, 765 P.2d 373. In
 
 Foley,
 
 the plaintiff alleged that he had worked for his employer for almost seven years, and the employer had ignored its own “termination guidelines” in firing the plaintiff. These allegations, in addition to the allegation that the plaintiff had signed a noncompetition agreement, were sufficient to support a theory of an implied-in-fact contract.
 
 Id.
 
 at 682, 254 Cal.Rptr. 211, 765 P.2d 373.
 

 The plaintiff in the ease at bar worked for the employer for eight years, and there is evidence that he received numerous reassurances over that period of time that he would not be terminated as long as he did his job well. Under the
 
 Foley
 
 test, these facts alone could conceivably give rise to an implied-in-fact contract between the defendant and the plaintiff.
 
 [1]
 
 Therefore, if the plaintiff
 
 *724
 
 had not signed any written contract, he could conceivably produce enough evidence to overcome the presumption that he was an at will employee.
 

 III. The December 1993 agreement
 

 The parties agree that if a fully integrated express contract exists which conflicts with an implied-in-fact contract, the express contract will prevail. “A contract requiring termination only ‘for cause’ will not be implied if there is an express writing to the contrary.”
 
 Hoy v. Sears, Roebuck & Co.,
 
 861 F.Supp. 881 (N.D.Cal.1994). In this case, the defendant claims that the agreement signed by the plaintiff on December 15, 1993 was a fully integrated express contract which established that he was an at will employee, regardless of whether or not an implied-in-fact contract had existed prior to that date.
 

 The language of the document that the plaintiff signed reads in part as follows:
 

 I also acknowledge that my employment with TNT Reddaway is not for a specified period of time and can be terminated at will by me or by the Company. I acknowledge that no statements or representations regarding my employment can alter the foregoing. As to the circumstances in which employment may be terminated, this is the entire agreement between me and the Company; there are no oral or collateral agreements of any kind. •
 

 Thus, this contract unequivocally states that the employment is at will and that it is a fully integrated contract. The plaintiff does not really dispute this fact, but claims for a variety of reasons that this contract should not be taken at face value. First, he argues that he had little or no opportunity to read the contract, and that therefore there is a disputed issue of material fact as to whether or not he agreed to all of its terms. However, “[i]t is well established, in the absence of fraud, overreaching or excusable neglect, that one who signs an instrument may not avoid the impact of its terms on the ground that he failed to read the instrument before signing it.”
 
 Hulsey v. Elsinore Parachute Center,
 
 168 Cal.App.3d 333, 339, 214 Cal.Rptr. 194 (1985). This principle has been extended even to cases where the person who signs the contract is illiterate — in such cases, the individual has a responsibility to have the contract read to him.
 
 See Randas v. YMCA of Metropolitan Los Angeles,
 
 17 Cal.App.4th 158, 163, 21 Cal.Rptr.2d 245 (1993). Therefore, in the present case, the plaintiff had a responsibility to read the contract before having signed it, and to have it explained to him if he did not understand it. Absent fraud, coercion, or excusable neglect — which have not been alleged in this ease — the plaintiffs signature legally binds him to the terms of the contract.
 
 [2]
 

 The plaintiff also argues that the contract is invalid because he received no consideration in exchange for becoming an at will employee.
 
 [3]
 
 However, if the plaintiff and the defendant did indeed have an implied-in-fact contract in which the plaintiff was a “for cause” employee, the parties could have modified the implied contract without having any new consideration.
 
 See
 
 California Civil Code, § 1697 (“A contract not in writing may be modified in any respect by consent of the
 
 *725
 
 parties, in writing, without a new consideration____”). Therefore, there is no need for the defendant to show that the plaintiff received any new benefit in modifying the existing contract.
 

 Finally, the plaintiff argues that if the contract is interpreted to be an integrated agreement, parol evidence will still be allowed if necessary “to prove a meaning to which the language is reasonably susceptible.” In this case, however, the language of the contract is unambiguous, and there is no need to resort to parol evidence to assist the Court in interpreting it. Therefore, the Court must follow the plain meaning of the language in the contract.
 
 See Haggard v. Kimberly Quality Care,
 
 39 Cal.App.4th 508, 518, 46 Cal.Rptr.2d 16 (1995) (“If the proposed parol evidence directly contradicts an express provision of the written agreement, however, ‘it cannot reasonably be presumed that the parties intended to integrate two contradictory terms in the same agreement’ ”
 
 quoting Gerdlund v. Electronic Dispensers Int'l
 
 190 Cal.App.3d 263, 270, 235 Cal.Rptr. 279 (1987)).
 

 For the foregoing reasons, the defendant’s motion for summary judgment is GRANTED.
 

 IT IS SO ORDERED.
 

 [1]
 

 . The plaintiff also notes that discovery in this case is at its earliest stages, and that he will be able to produce further evidence of an implied-in-fact contract (such as the personnel policies and practices of the defendant) after further discovery has been completed. For the purposes of
 
 *724
 
 this motion, this Court can assume that the plaintiff would in fact be able to produce this evidence at a later stage of the case.
 

 [2]
 

 . The plaintiff's version of the facts might conceivably give rise to the argument that his neglect in not reading the contract was "excusable,” since he was given the contract only a few moments before he had to go out to work, and therefore had no time to read it thoroughly. However, if the inability to read English does not constitute excusable neglect, this Court holds as a matter of law that the circumstances in this case are also not excusable neglect. There is no evidence that the plaintiff was forced to sign the contract in such a short time, and had he wanted to postpone his signing of the contract until he had time to read it thoroughly, there is no evidence to suggest that he could not have done so.
 

 [3]
 

 . This argument assumes that the plaintiff had an implied-in-fact contract as to the plaintiff's term of employment prior to signing the December 1993 contract. As noted above, the plaintiff has produced adequate evidence to survive a summary judgment motion on the issue of an implied-in-fact contract.
 

 Of course, if there was no implied-in-fact contract, then the December 1993 contract was the first contract made between the parties, and the plaintiff's continued employment would serve as consideration for the written contract.